PHILLIP A. TALBERT
Acting United States Attorney
SAMUEL WONG
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2772

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:15-CR-166 GEB |
| Plaintiff, | [PROPOSED] ORDER RE: DEFENDANT RICHARD PAUL PUFFER'S ATTEMPTED OBSTRUCTION OF JUSTICE |
| v. | |
| GERALD MORA, ET AL., | COURT: Hon. Garland E. Burrell, Jr. |
| Defendants. | |

On August 5, 2016, the Court conducted a hearing on plaintiff United States of America's formal objection to, and motion to correct, the final Presentence Report ("PSR") for defendant Richard Paul Puffer, based on his two convictions on: Count One: conspiracy to assault a person within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 371; and Count Two: assault of a person resulting in serious bodily injury of that person within the special maritime and territorial jurisdiction of the United States, in violation of 18 U.S.C. § 113(a)(6). Specifically, the United States objected to the PSR's recommendations in ¶¶ 15 and 24 that Puffer not receive a +2 level enhancement in offense level for obstruction of justice under U.S.S.G. § 3C1.1. Kelly Babineau, Esq., appeared with Puffer. Assistant United States Attorney Samuel Wong appeared for the United States.

The Court having received, read, and considered: (1) the papers and arguments submitted by the United States in support of the objection and Puffer in opposition to the objection; (2) the Factual Basis for Puffer's guilty pleas filed on March 18, 2016; and (3) the undisputed facts contained in the PSR, the Court finds as follows:

1. Puffer conspired with defendants Gerald Mora, Cody Preacher, and Jasper Tendoy to commit an assault against fellow inmate Chandler Shakespeare at the Federal Correctional Institution at Herlong, California. Planning for the assault took place during personal meetings between the defendants before the assault.

2. On May 20, 2015, the defendants and the victim returned from dinner at the prison dining hall. Mora met with Shakespeare in the common area of the Tahoe C Housing Unit and lured Shakespeare into Cell No. 112 of the Tahoe C Housing Unit under the false pretenses of obtaining personal hygiene products and magazines for Shakespeare. One assailant, whose identity is disputed, was waiting inside Cell No. 112 when Mora and Shakespeare entered the cell. A few seconds later, Mora left the cell. Puffer entered the cell and joined the other assailant in beating Shakespeare with their fists on Shakespeare's head and upper torso for approximately 60 seconds. During the assault, Tendoy stood outside the door to Cell No. 112 and served as a lookout.

3. After the assault, Puffer and the other assailant walked out of the cell into the common area of the Tahoe C Housing Unit. Shakespeare then left the cell to summon a guard. Mora approached Puffer, who threw to Mora a white article of clothing stained with blood. Mora caught the blood-stained clothing and disposed of it into a trash can.

4. The disposal of the blood-stained clothing by Puffer and Mora was an attempt by them to obstruct justice within the meaning of U.S.S.G. § 3C1.1, which provides, "If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels." The Court notes, the Commentary, Application Note 1 to § 3C1.1 explains that, "Obstructive conduct that occurred prior to the start of the investigation of the instant offense of conviction may

    be covered by this guideline if the conduct was purposefully calculated, and likely, to thwart the investigation or prosecution of the offense of conviction."

5. As a result of the wrongful conduct of Puffer and Mora in carrying out their plan to conceal, dispose, and/or destroy the blood-stained article of clothing, they engaged in "conduct that was purposefully calculated, and likely, to thwart the investigation . . . of the offense." Id.  The blood-stained clothing was material as it contained the blood of the victim, Shakespeare, and would help establish that Puffer was one of two assailants that injured Shakespeare.

  As a result of these findings, the Court sustains the United States' objection to the PSR that omits a +2 level enhancement for obstruction of justice under § 3C1.1 and directs the Probation Office to revise the PSR to reflect that application of this enhancement, or alternatively the Probation Office may elect to "append a copy of [this order] to any copy of the presentence report made available to the Bureau of Prisons." Fed.R.Crim.P. 32(i)(3)(C).

  IT IS SO ORDERED.

Dated:  August 11, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge